IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TAMMY MARIE HOCKYCKO,  )
        Plaintiff,  )
  -vs-  )  Civil Action No. 13-212
CAROLYN W. COLVIN,  )
COMMISSIONER OF SOCIAL SECURITY,  )
        Defendant.  )

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 11 and 15). Both parties have filed Briefs in Support of their Motions. (ECF Nos. 13 and 16). After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment (ECF No. 11) and granting Defendant's Motion for Summary Judgment. (ECF No. 15).

## I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits pursuant to the Social Security Act ("Act"). Plaintiff filed her application alleging she had been disabled since January 1, 2010. (ECF No. 10-8, p. 8). Administrative Law Judge ("ALJ"), Charles Pankow, held a hearing on November 28, 2011. (ECF No. 10-4, pp. 2-66). On February 2, 2012, the ALJ found that Plaintiff was not disabled under the Act. (ECF No. 10-3, pp. 10-21). After exhausting all administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. (Docket Nos. 11 and 15). The issues are now ripe for review.

1

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the

impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520. The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4). *Dobrowolsky*, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B. Nature of ALJ at hearing

Plaintiff asserts that the ALJ erred when he became "adversarial" during the hearing. (ECF No. 13, pp. 10-11). Specifically, Plaintiff submits that the ALJ "cross examin[ed]" Plaintiff. *Id.* As a result, Plaintiff argues that she was denied a fair hearing due to bias. *Id.* After a review of the record, I disagree.

An ALJ is charged with the responsibility of determining credibility and medical consistency. Given Plaintiff's diagnoses and her medical records, I find that the ALJ's questioning of Plaintiff, with counsel present, to constitute an attempt to render an informed decision, rather than some sort of bias depriving Plaintiff of a fair hearing. Thus, I find no error in this regard.

### C. Substantial Evidence

Plaintiff asserts that the opinion of the ALJ is not supported by substantial evidence. (ECF No. 13, pp. 12-13). In support of this assertion, Plaintiff summarily concludes that the

ALJ's finding that she has the residual functional capacity[1] ("RFC") to engage in work at the light exertional level is not supported by substantial evidence because the vocational expert ("VE") testified that given Plaintiff's limitations she would not be employable. *Id.* After a review of the record, I disagree with Plaintiff.

An ALJ is required to accept only that testimony from the VE which accurately reflects a plaintiff's impairments. *See, Podedworny v. Harris*, 745 F.2d 210 (3d Cir. 1984); *Chrupcala v. Heckler*, 829 F.2d 1269, 1276 (3d Cir. 1987). Based on my review of the record, there is substantial evidence that the testimony the ALJ accepted from the VE accurately reflected Plaintiff's impairments. (ECF No. 10-3, pp. 13-21 and documents cited therein). Thus, I find the ALJ's RFC finding is sufficiently explained and supported by substantial evidence. *See,* ECF No. 10-3, pp. 13-21 and evidence cited therein. Consequently, I find no error in this regard.

### D. <u>Weight of opinion evidence</u>

Plaintiff next alleges that the ALJ erred in failing to give controlling weight to her treating physicians' opinions over the state agency physicians. (ECF No. 13, pp. 13-14). The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 416.1527(c)(2). If the ALJ finds that "a treating source's opinion on

---

[1] RFC refers to the most a claimant can still do despite his/her limitations. 20 C.F.R. §§ 404.1545(a), 416.945(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of his/her own limitations. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

In the event of conflicting medical evidence, the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff essentially argues that because her treating doctors diagnosed her with various ailments, the ALJ should have afforded them greater weight over the state agency doctors. (ECF No. 13, pp. 13-14). The mere existence of a diagnosis, however, does not mean there is a limitation. Additionally, opinions regarding the ultimate question – whether Plaintiff is disabled – are not to be given any "special significance" as that is a question reserved solely for the ALJ. 20 C.F.R. §§ 404.1527(d)(1-3).

Furthermore, as set forth above, the standard is not whether her doctors diagnosed her with an ailment but, rather, whether the opinion of the ALJ is supported by substantial evidence.

5

In this case, the ALJ gave substantial weight to the opinions of the state agency doctors.[2] State agency opinions merit significant consideration. *See* SSR 96–6p ("Because State agency medical and psychological consultants ... are experts in the Social Security disability programs, ... 20 C.F.R. §§ 404.1527(f) and 416.927(f) require [ALJs] ... to consider their findings of fact about the nature and severity of an individual's impairment(s)...."). Despite Plaintiff's conclusion otherwise, I find the ALJ properly determined Plaintiff's RFC by, *inter alia,* appropriately weighing the evidence of record and providing sufficient explanations for his findings. 20 C.F.R. §404.1527; ECF No. 10-3, pp. 13-21.

Therefore, I find the ALJ properly discharged his duties in evaluating and weighing the evidence and made findings supported by substantial evidence. *Id.* Consequently, I find no error in this regard and remand is not warranted on this basis.

### E. Plaintiff's subjective complaints of pain

Next, Plaintiff basically argues that the ALJ erred in finding that Plaintiff was not fully credible in her subjective complaints of pain. (ECF No. 13, p. 14). In determining if a Plaintiff is disabled, the ALJ must consider all symptoms, including pain, "and the extent to which [these] symptoms can reasonably be accepted as consistent with the objective medical evidence." 20 C.F.R. §§ 404.1529(a), 416.929(a). Pain alone, however, does not establish a disability. *Id.* Allegations of pain must be consistent with objective medical evidence, and the ALJ must explain the reason for rejecting non-medical testimony. *Burnett v. Comm'r of Social Sec. Admin.,* 220 F.3d 112, 121 (3d Cir. 2000). I must defer to the ALJ's credibility determinations, unless they are not supported by substantial evidence. *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981); *Baerga v. Richardson*, 500 F.2d 309, 312 (3d Cir. 1974), *cert. denied*, 420 U.S. 931 (1975).

In determining the limits on a claimant's capacity for work, the ALJ will consider evidence

---

[2] The ALJ also gave great weight to the opinion of Dr. Patel, one of Plaintiff's treating physicians. (ECF No. 10-3, p. 16.

from the treating, examining and consulting physicians, observations from agency employees, and other factors such as the claimant's daily activities, descriptions of the pain, precipitating and aggravating factors, type, dosage, effectiveness, and side effects of medications, treatment other than medication, and other measures used to relieve the pain. 20 C.F.R. §404.1529(c); SSR 96-7p. The ALJ will also look at inconsistencies between the claimant's statements and the evidence presented. 20 C.F.R. §404.1529(c)(4).

After my own review of the record, I find that the ALJ followed the proper method to determine the Plaintiff's credibility. As laid out in his decision, the ALJ considered the factors set forth above. (ECF No. 10-3, pp. 13-19). For example, while assessing Plaintiff's credibility and her subjective complaints, the ALJ compared the medical evidence to her complaints and found them to be contradictory. *Id*. The ALJ also discussed the fact that Plaintiff's complaints were contradicted by Plaintiff's daily activities. *Id.* Thus, I find the ALJ properly evaluated Plaintiff's credibility as required by 20 C.F.R. § 404.1529 and SSR 96-7p and based on the entire record as a whole there is substantial evidence to support the ALJ's conclusion. Consequently, I find no error in this regard.

### F.     Combination of Impairments

Plaintiff submits that ALJ erred in failing to consider Plaintiff's combination of impairments. (ECF No. 13, pp. 14-15). A review of the record reveals, however, that this argument is misplaced. *See,* ECF No. 10-3, p. 13. The ALJ in this case specifically considered whether Plaintiff had an impairment or combination of impairments that meets or medically equals the severity of the listed impairments. *Id.* Thus, I find no merit to this argument.

### G.     Additional Evidence

Plaintiff's final assertion is that there is evidence that was not available before the ALJ. (ECF No. 13, p. 15). She does not assert, however, that there was any error on the part of the ALJ with regard to the same. *Id.* She seems to just point out this fact. In any event, as I

mentioned previously, the instant review of the ALJ's decision is not *de novo.* The ALJ's findings of fact are conclusive if supported by substantial evidence. *Mathews v. Eldridge,* 424 U.S. 319, 339, 96 S.Ct. 893, 905 n. 21 (1976); *Matthews v. Apfel*, 239 F.3d 589, 594 (3d Cir. 2001), *citing, Jones v. Sullivan*, 954 F.2d 125, 128 (3d Cir. 1991) ("[E]vidence that was not before the ALJ cannot be used to argue that the ALJ's decision was not supported by substantial evidence."). Thus, my review of the ALJ's decision is limited to the evidence that was before him. 42 U.S.C. §405(g). Therefore, in this case, pursuant to Sentence Four of §405(g), I cannot look at the post-decision evidence that was not first submitted to the ALJ when reviewing his decision.

If a plaintiff proffers evidence that was not previously presented to the ALJ, then a district court may remand pursuant to Sentence Six of 42 U.S.C. §405(g), but only when the evidence is new and material and supported by a demonstration of good cause for not having submitted the evidence before the decision of the ALJ. *Matthews v. Apfel*, 239 F.3d 589, 591-593 (3d Cir. 2001) (Sentence Six review), *citing, Szubak v. Sec'y of HHS,* 745 F.2d 831, 833 (3d Cir. 1984). All three requirements must be satisfied to justify remand. *Id., citing Szubak,* 745 F.2d at 833.

Additionally, "[a]n implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previously non-disabling condition. *Id., citing Ward v. Schweiker,* 686 F.2d 762, 765 (9th Cir. 1982). In this case, the time period at issue is January 1, 2010, her alleged onset date of disability, through February 2, 2012, the date of the ALJ's decision. Plaintiff submits that the medical statement at issue is dated May 23, 2012, and, thus, post-dates the ALJ's decision by over three months. Therefore, the additional evidence is not material.

Furthermore, the ALJ kept the record open for 30 days after the hearing. (ECF No. 10-4, p. 65). Plaintiff's never advised the ALJ that she was seeking the statement and did not obtain the statement prior to the expiration of the 30 days. Plaintiff's counsel offers no reason for this.

(ECF No. 13, p. 15). Thus, I find good cause to be lacking. Consequently, Plaintiff's additional evidence does not provide a basis for remand.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TAMMY MARIE HOCKYCKO, )
)
      Plaintiff, )
)
  -vs- ) Civil Action No. 13-212
)
CAROLYN W. COLVIN, )
COMMISSIONER OF SOCIAL SECURITY, )
)
      Defendant. )

AMBROSE, Senior District Judge

## ORDER OF COURT

THEREFORE, this 28th day of July, 2014, it is ordered that Plaintiff's Motion for Summary Judgment (Docket No. 11) is denied and Defendant's Motion for Summary Judgment (Docket No. 15) is granted.

                            BY THE COURT:

                            s/ Donetta W. Ambrose
                            Donetta W. Ambrose
                            United States Senior District Judge